Greg Chaney I.S.B. 10513
Nick Bronk I.S.B. 11602
Malissa Nielson I.S.B. 11971
CHANEY LAW OFFICE
P.O. Box 489
Caldwell, ID 83606
Telephone: (208) 314-3850
Facsimile: (208) 549-9612
efile@gregchaneylaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEMINA LAKIC, and SEFIKA LAKIC, <br><br> Plaintiffs, <br><br> vs. <br><br> IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, in his official capacity; BREE DERRICK, in her official capacity; and JOHN DOES 1-30, <br><br> Defendants. | Case No. <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMES NOW**, the above-named Plaintiffs, Zemina Lakic and Sefika Lakic, by and through her attorney of record, Greg Chaney, of Chaney Law Office, PLLC, and for her cause of action against the Defendants does allege as follows:

## PARTIES

1. Plaintiff ZEMINA LAKIC is a natural person suing in her capacity as Personal Representative (i.e. executor) of the Estate of Bajro Lakic (hereinafter the "Estate")

in accordance with Rule 17(a)(1)(A), F.R.C.P. (see Ada County, Idaho Case CV01-21-06865).

2. Plaintiff SEFIKA LAKIC is a natural person, resident of the State of Idaho, County of Ada, and the natural and legal mother and legal next of kin to Decedent.

3. BAJRO LAKIC (hereinafter "Decedent") was a natural person in the custody of the of the Idaho Department of Correction until his death on March 24, 2021 at age 30.

4. Defendant IDAHO DEPARTMENT OF CORRECTION ("IDOC") is the State agency responsible for incarceration of adult inmates sentenced by the courts. IDOC operates nine adult correctional facilities in Idaho, including the facility where Descendent was housed.

5. Defendant JOSH TEWALT is the current Director of the Idaho Department of Correction. As Director, Defendant Tewalt is the highest-level official in IDOC and is responsible for administering and overseeing the operations of IDOC, including the policies, procedures, and practices followed by IDOC, its contractors, employees, and agents. Mr. Tewalt is sued in his official capacity.

6. Defendant BREE DERRICK is the current Deputy Director of the Idaho Department of Correction. As Deputy Director, Defendant Derrick is a member of IDOC's executive leadership team and is specifically charged by IDOC policy to oversee implementation of health care services and treatment in IDOC including the development and implementation of standard operating procedures to effectuate health care delivery. Ms Derrick is sued in her official capacity.

7. DOES 1-10 ("Custody Does") are additional custody supervisors and officers who were at all times relevant to the actions and omissions described herein employed at

the facility where Decedent was housed, and responsible for implementation of IDOC policies and procedures, and the welfare of inmates including Decedent. Custody Does supervised and/or participated in the disciplinary actions and denial of Decedent's requests complained of herein. At the present time, the identities of Custody Does are unknown and not discoverable to Plaintiffs without the relevant documents for Decedent's custody file, to which Plaintiffs do not presently have access. Plaintiffs will substitute the true names of Custody Does when Plaintiffs are able to ascertain their identities through discovery.

8. Does 11-20 ("Health Care Does") are additional medical providers and staff who were at all times relevant to the actions and omissions described herein engaged to provide medical services at the facility where Decedent was housed, and who were responsible for ensuring provision of appropriate medical care to Decedent and/or participated in the denial of adequate and necessary medical treatment to Decedent for stomach pain. At the present time, the identities of Health Care Does are unknown and not discoverable to Plaintiffs without discovery. Plaintiffs will substitute the true names of Health Care Does when Plaintiffs are able to ascertain their identities through discovery.

9. Does 21-30 ("Administrative Does") are persons with supervisory and/or oversight responsibilities, including public officers, who were at all times relevant to the actions and omissions described herein employed with IDOC and/or its contractors and whose duties included the review, promulgation, and/or administration of the policies and/or procedure of IDOC and/or its contractors. At the present time, the identities of Administrative Does are unknown and not discoverable to Plaintiffs without

discovery. Plaintiffs will substitute the true names of Administrative Does when Plaintiffs are able to ascertain their identities through discovery.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the matter pursuant to §1-705.

11. The amount in controversy exceeds ten thousand dollars ($10,000) and is therefore appropriately filed in District Court in accordance with §1-2208 and §1-2210, Idaho Code, and Rule 5(c)(1), Idaho Court Administrative Rules.

12. Venue is proper in Ada County pursuant to §§5-402 and 6-915, Idaho Code.

## GENERAL FACTUAL ALLEGATIONS

13. Decedent was an inmate with IDOC beginning in approximately 2012.

14. Decedent would have been released from IDOC custody no later than October 2022.

15. Beginning sometime in 2020, Decedent began to complain frequently about abdominal pain that was increasing in severity.

16. Despite repeated complaints, Defendants IDOC failed to ensure that Decedent received any diagnostic tests and continued to deny Decedent sufficient care for his abdominal pain.

17. Decedent continued to languish in pain for weeks without proper medical attention.

18. On or about March 9, 2021, Decedent's abdominal pain became sufficiently debilitating that IDOC staff transported Decedent to the emergency department at St. Alphonsus in Boise.

19. On or about March 10, 2021 St. Alphonsus ran diagnostic tests on Decedent revealing

advanced adenocarcinoma in the abdomen.

20. On March 24, 2021 Decedent died.

21. Following Decedent's death, an autopsy was conducted which concluded that the adenocarcinoma was the cause of death.

22. Defendants' care of Decedent failed to meet the applicable standard of care by failing to provide adequate responses to his repeated complaints of pain, discomfort, and other symptoms.

23. All individual Defendants were acting in the course and scope of their employment at all relevant times.

24. Liability against all non-public employees named as individual Defendants can be imputed to their employer(s) on the theory of respondeat superior.

25. Liabilities against all public employees named as individual Defendants is enforceable against the State of Idaho by operation of §6-903, Idaho Code

## CLAIMS FOR RELIEF

### COUNT I
### FAILURE TO PROVIDE NECESSARY MEDICAL TREATMENT
### (8TH AMENDMENT; 42 U.S.C. § 1983)
*On behalf of the Estate against ALL Defendants Except IDOC*

26. Plaintiffs repeat and re-allege the allegations in all preceding paragraphs as if fully set forth herein.

27. Decedent was suffering from severe pain in his abdomen which caused severe pain up to his death.

28. Decedent made multiple complaints of his condition which were either ignored or not met with adequate care and inquiry.

29. The underlying cause of the aforementioned pain caused Decedent's death.

30. Defendants are responsible for providing adequate and necessary medical treatment to Decedent, including treatment for persons diagnosed with gender dysphoria.

31. On information and belief, Defendants failed to follow even IDOC's own policies relating to Decedent's treatment.

32. Defendants failed to provide adequate and necessary treatment to Decedent that is consistent with prevailing medical standards of care for the symptoms with which he presented.

33. Defendants' acts and/or omissions with respect to Decedent's treatment reflect Defendants' policy, custom, practice and/or procedure of failing to provide adequate and necessary medical treatment to inmates.

34. Each Defendant has been and remained deliberately indifferent to Decedent's medical need to be adequately treated for abdomen pain, including but not limited to diagnostic tests, imaging, laboratory tests, and/or consultation with qualified medical personnel with expertise in gastroenterology, if determined appropriate, as well as other medical treatments and accommodations that would have alleviated Decedent's serious medical symptoms and allowed for detection and treatment of the underlying condition sufficient to have prevented Decedent's death.

35. Defendants' denial of necessary medical treatment caused irreparable harm and unnecessary suffering to Decedent, including distress resulting in emotional, psychological, and physical harm, and death.

36. Defendants' failure to provide necessary medical treatment to Decedent violates the Eighth Amendment to the U.S. Constitution.

37. As a direct and legal result of Defendants' actions and omissions, Decedent suffered and similarly situated inmates continue to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

38. Individual Defendants, by engaging in the aforementioned acts and/or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Decedent, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## COUNT II
## NEGLIGENCE (IDAHO STATE LAW)

*On behalf of the Estate against Defendants Tewalt and Derrick, in their official capacities; Defendants Custody Does; and Defendants Administrative Does.*

39. Plaintiffs repeat and re-allege the allegations in all preceding paragraphs as if fully set forth herein.

40. Defendants failed to comply with professional standards in the treatment, care, and supervision of Decedent during his incarceration at IDOC's facilities. Defendants' failures include but are not limited to: failing to provide timely and necessary medical treatment; and failing to house Decedent safely.

41. Defendants also failed to appropriately supervise, review, and ensure the provision of adequate care and treatment to Decedent by custody and medical staff, and failed to enact appropriate standards and procedures that would have prevented the harm that he experienced.

42. Together, Defendants acted negligently and improperly, breached their respective duties, and as a direct and proximate result, Decedent (and the Estate) suffered injuries and damages as alleged herein.

43. The negligent conduct of all individual Defendants was committed within the course and scope of their employment.

## COUNT III
## WRONGFUL DEATH (IDAHO STATE LAW)

*On behalf of the Plaintiff Sefika Lakic against Defendants Tewalt and Derrick, in their official capacities; Defendants Custody Does; and Defendants Administrative Does.*

44. Plaintiffs repeat and re-allege the allegations in all preceding paragraphs as if fully set forth herein.

45. During adulthood and while not incarcerated, Decedent was historically the primary source of household income for himself and Plaintiff Sefika Lakic.

46. During Decedent's adulthood and while he was not incarcerated, Decedent and Plaintiff Sefika Lakic resided together. Decedent and Plaintiff Sefika Lakic shared a close relationship and relied upon each other for companionship. Decedent assisted Plaintiff Sefika Lakic in household tasks as a matter of course.

47. As a result of Decedent's death, Plaintiff Sefika Lakic has been deprived of Decedent's care, training, comfort, society, support and services.

48. Defendants, by engaging in the aforementioned acts or omissions, were the actual and proximate cause of Decedent's death and therefore Plaintiff's injury.

//

//

## COUNT IV

## DECLARATORY AND INJUNCTIVE RELIEF

*On behalf of the Estate against Defendant Idaho Department of Correction.*

49. Plaintiffs repeat and re-allege the allegations in all preceding paragraphs as if fully set forth herein.

50. Defendants' actions and omissions reflect a practice by Defendant IDOC of denying adequate medical care.

51. Plaintiffs, therefore, seek injunctive relief on behalf of all similarly situated inmates within IDOC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. For injunctive and declaratory relief, including but not limited to declaring unconstitutional and violative of federal law Defendants' practices in denying Decedent and other similarly situated inmates with adequate and necessary medical treatment;

B. For compensatory, general and special damages, for both Plaintiff Sefika Lakic and the Estate in an amount to be determined at trial;

C. For punitive damages against individual Defendants as proven at trial for all claims arising under federal law;

D.  For reasonable costs of this suit and attorneys' fees and expenses; and

E. For such further relief as the Court may deem just, proper, and appropriate.

## **DEMAND FOR JURY**

Pursuant to Rule 38(b), F.R.C.P., Plaintiffs demand trial by Jury.


DATED: _____                    **CHANEY LAW OFFICE, PLLC**


                              By:  _____
                                   Greg Chaney
                                   *Attorney for Plaintiffs*