RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Joan E. Callahan      [ISB No. 9241]
SPECIAL DEPUTY ATTORNEY GENERAL
Nicole R. Robles      [ISB No. 11589]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: joan@naylorhales.com; niky@naylorhales.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEMINA LAKIC, and SEFIKA LAKIC,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, in his official capacity, BREE DERRICK, in her official capacity; and JOHN DOES 1-30,<br><br>Defendants. | Case No: 1:23-CV-00094-BLW<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION** |

Defendants, Idaho Department of Correction, Josh Tewalt, and Bree Derrick by and through their attorneys of record, the law firm of Naylor & Hales, P.C., submit this Memorandum in Support of Motion for Summary Judgment on the issue of exhaustion.

## INTRODUCTION

Bajro Lakic ("Lakic") was an inmate in custody of the Idaho Department of Correction

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 1.**

("IDOC"). He was housed at ISCC from approximately February 2020, until the time of his death on March 24, 2021. On March 6, 2023, a Complaint and Demand for Jury Trial was filed by Zemina Lakic, as Personal Representative of the Estate of Bajro Lakic, and Sefika Lakic, as the legal mother and legal next of kin of Lakic, (together as "Plaintiffs"). (Dkt. 2.) The Complaint alleges that beginning sometime in 2020, Lakic made frequent complaints of abdominal pain. (*Id*. at 4, ¶ 15.) It also alleges that Defendants failed to adequately respond to Lakic's repeated complaints of pain, discomfort, and other symptoms. (*Id*. at ¶¶ 16, 17, 22.) Defendants deny these allegations. However, these disputed facts are not material to the ultimate fact that Lakic never exercised, or attempted to exercise, his administrative remedies that were available to him within IDOC. Accordingly, he failed to exhaust his administrative remedies; this failure bars his federal claim regarding the alleged inadequate medical.

Ultimately, if dismissal is not granted pursuant to Defendants' pending Motion to Dismiss (Dkt. 6), the Eighth Amendment claim in the Complaint (Count I) is subject to dismissal because Lakic failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), which is the only federal claim in this suit. Without a federal claim, it is appropriate for the Court to decline supplemental jurisdiction over the state law claims. Summary judgment is therefore appropriate to dismiss this suit in its entirety.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary Judgment is not "a disfavored procedural shortcut," but is

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 2.**

instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

## ARGUMENT

Lakic did not file any grievances addressing the claim at issue against the Defendants. There is no indication that he did not know how to do so, given that he had used the IDOC grievance process in the past to file a claim about taking a shirtless photo. Additionally, there is no indication that the grievance process was not available to him during his incarceration when the Complaint alleges that Lakic was complaining about untreated pain in 2020 (Dkt. 2, p. 6, ¶ 15). He simply chose not to use it address his alleged medical issues. This is fatal to Plaintiff's claim.

### A. The PLRA Requires Proper Exhaustion of Administrative Remedies

Under the PLRA, a prisoner must properly exhaust the available administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion requires a prisoner to complete the facility's "administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 90-101 (2006).

Proper exhaustion is mandatory under the PLRA and therefore unexhausted claims must be dismissed. *Jones*, 549 U.S. 199, 211 (2007). It is the prison's exhaustion requirements, "and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Exhaustion must occur before the filing of a complaint, not after the suit has been filed. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). This serves the important purposes of reducing the

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 3.**

quantity and improve the quality of prisoner suits, improving prison administration and satisfying the inmate, which obviates the need for litigation, to filter out frivolous claims, and to have better facilitation of adjudication by "an administrative record that clarifies the contours of the controversy." *Jones*, 549 U.S. at 211; *see also Woodford*, 548 U.S. at 89 (discussing how exhaustion protects administrative agency authority and promotes efficiency).

The defendant has the burden to prove non-exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). And though it is processed in the same manner as ordinary summary judgment, exhaustion "should be decided as early as feasible…" before reaching the merits of a prisoner's claim. *Id.* at 1170.

### B. IDOC Grievance Process

Plaintiff's claims are based on allegations that occurred beginning in 2020. (SOF ¶ 1.) IDOC has adopted an administrative grievance process which was readily available to Lakic during those times. In particular, IDOC Standard Operating Procedure 316.02.01.001 (version 4.0) ("Grievance SOP"), which has been in effect since November 7, 2018, sets forth the IDOC grievance process that Plaintiff was required to follow. (SOF ¶ 3.)

Essentially, the IDOC grievance process has three components: concern, grievance, and appeal. (SOF ¶ 4.) If an inmate has a problem they want addressed, he first attempts to discuss the issue with a staff member, and then may submit an Offender Concern Form. If the inmate is not satisfied, he may then submit formal grievance within 30 days of the incident or problem. The grievance then goes through a Level 1 – Initial Response and a Level 2 – Reviewing Authority Response. If the inmate is still not satisfied, the inmate may, within 14 days of the level 2 response, submit an appeal (using the previously submitted Grievance/Appeal Form but with the appeal section marked and filled out appropriately). The appeal is subject to a Level 3 – Appellate

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 4.**

Authority Response. An inmate must complete all three steps to exhaust the administrative process. (SOF ¶¶ 5-8.)

### C. Lakic Failed to Exhaust His Administrative Remedies

ISCC Grievance Coordinator Syvanna LaBonte accessed and reviewed Lakic's grievance records. The records show that Lakic only submitted one grievance while in the custody of IDOC and that grievance was not related to stomach pain or any other medical concerns. (SOF ¶ 9.)

The grievance process was readily available to Lakic and he knew how to use it, as shown by the fact that he has previously submitted a grievance. Accordingly, Lakic failed to exhaust his administrative remedies under the PLRA with respect to the claim and the unexhausted claim must therefore be summarily dismissed. (SOF ¶ 10.)

### D. Dismissal of State Law Claims

As demonstrated, the Eighth Amendment claim must be dismissed for a failure to exhaust administrative remedies. Plaintiffs' only remaining claims are under state law. (Dkt. 2, pp. 7-8). The Court's jurisdiction over those claims is limited to supplemental jurisdiction. Supplemental jurisdiction is discretionary. Notably, the U.S. Supreme Court has indicated that "when federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). This is precisely the situation in this matter. Thus, the Complaint, in its entirety, is subject to dismissal.

### CONCLUSION

Defendants respectfully request that the Court dismiss the Eighth Amendment claim and decline to exercise supplemental jurisdiction over the state law claims and dismiss this suit in its entirety.

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 5.**

DATED this 26th day of April, 2023.

                                  NAYLOR & HALES, P.C.

                                  By:*/s/ Joan E. Callahan*
                                       JOAN E. CALLAHAN, Of the Firm
                                       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- Greg Chaney        efile@gregchaneylaw.com
  Nick Bronk
  Malissa Nielson
  *Attorneys for Plaintiffs*

                                         */s/ Joan E. Callahan*
                                         JOAN E. CALLAHAN

**DEFENDANTS' MEMO IN SUPPORT OF MSJ RE: EXHAUSTION - 6.**