RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Joan E. Callahan      [ISB No. 9241]
SPECIAL DEPUTY ATTORNEY GENERAL
Nicole R. Robles      [ISB No. 11589]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: joan@naylorhales.com; niky@naylorhales.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEMINA LAKIC, and SEFIKA LAKIC<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, in his official capacity; BREE DERRICK, in her official capacity; and JOHN DOES 1-30,<br><br>Defendants. | Case No: 1:23-cv-00094-BLW<br><br>**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

I, Syvanna LaBonte, declare under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen and competent to testify on the matters herein. This declaration is based upon my own personal knowledge.

2.  I am currently employed as the Grievance Coordinator at the Idaho State Correctional Center ("ISCC"). As a Grievance Coordinator, I am personally familiar with the IDOC Grievance Process.

**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1**

3. The IDOC Grievance Process is generally expressed in IDOC Policy 316 Offender Grievance Process.  The grievance procedure is set forth in IDOC Division of Prisons Standard Operating Procedure 316.02.01.001 ("SOP 316"). Policy 316 (version 2.5), in effect since February 3, 2012, is readily available at http://forms.idoc.idaho.gov/WebLink/0/edoc/273528/Grievance%20Process%20Offender.pdf (last visited April 19, 2023). SOP 316 (version 4.0 ), in effect since November 7, 2018, and associated Appendices A-E, is readily available at http://forms.idoc.idaho.gov/WebLink/0/edoc/281409/Grievance%20and%20Informal%20Resolution%20Procedure%20for%20Inmates.pdf (last visited April 19, 2023).

4. The IDOC grievance procedure consists of three components: (1) informal resolution via submission of an Inmate Concern Form; (2) formal grievance via submission of Grievance/Appeal Form; and (3) submission of an appeal of the grievance response.

5. The inmate grievance process begins with the submission of a properly completed Inmate Concern Form addressed to the staff member most capable of responding to and, if appropriate, resolving the issue.  The Inmate Concern Form requirements are discussed in Section 5 of SOP 316 (pp. 6-8). **Appendix A** to SOP 316 is the Inmate Concern Form.

6. If the issue cannot be resolved informally, an inmate may engage in the second component of the IDOC grievance process by filing a properly completed Grievance/Appeal Form. The Grievance/Appeal Form requirements are discussed in Sections 5 of SOP 316 (pp. 8-9; 10-15); the grievance procedure is discussed in Section 7 of SOP 316 (pp.6-8). **Appendix B** to SOP 316 is the Grievance/Appeal Form. The following brief description of the grievance procedure is based on the requirements of SOP 316.

**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2**

7. To be properly submitted, a Grievance/Appeal Form must contain specific information including the nature of the complaint, dates, places, and names. It must also suggest a solution to the issue and can only raise one specific issue per grievance. The Grievance Coordinator enters the information in the form into an electronic database system known as Atlas and assigns it to the staff member most capable of responding. If the form is completed incorrectly it is returned to the inmate. The staff members response and grievance information are forwarded to a reviewing authority. The reviewing authority reviews the grievance, the staff member's response and, as needed, any applicable rules, policies, SOPs, etc. Based on the review, the appellate authority may deny, modify, or grant the inmate's suggested solution The Grievance Coordinator forwards a hard copy of the response and grievance paperwork to the inmate via institutional mail. The Grievance Coordinator then files the original grievance paperwork, original Grievance/Appeal Form, and any attachments submitted with the grievance or appeal (collectively, "grievance packet") in the facility administration area.

8. After completing the grievance process, the inmate may engage in the third component of the IDOC grievance process by submitting a properly completed appeal of the grievance response. Failure to file an appeal within 14 days of the review authority's decision ends the grievance process without exhausting available remedies.

9. The Grievance/Appeal Form requirements are discussed in Section 8 of SOP 316 (pp. 15-17) provides the procedure for filing an appeal. **Appendix B** to SOP 316 is the Grievance/Appeal Form. The following brief description of the grievance appeal procedure is based on the requirements of SOP 316.

10. The inmate timely submits a Grievance/Appeal form with the appeal portion properly completed. The Grievance Coordinator enters the information into Atlas and forwards it to the

**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3**

appellate authority. The appellate authority will review the grievance packet and the appeal and either grant, modify, or deny the inmate's suggested solution. The Grievance Coordinator forwards a hard copy of the grievance packet, including the appellate response, to the inmate. The Grievance Coordinator files the original copies of the entire grievance packet in the facility administration area.

11. Upon completion of all three steps, i.e., the Inmate Concern Form, the Grievance Form, and the Grievance Appeal, the inmate grievance process is exhausted.

12. I am the custodian of the grievances and grievance logs at ISCC. The grievances and grievance logs are kept in the ordinary course of ISCC's regularly conducted business activities.

13. I have access to ISCC inmate files and to Atlas in the ordinary course of my employment as the Grievance Coordinator. Within Atlas, I have access to a "Grievance History" page that lists all of an inmate's submitted grievance forms dating back to 2008 while in an IDOC facility. I have reviewed Grievance History in Atlas and facility files for Bajro Lakic (IDOC # 105441) to determine the extent he has utilized the IDOC grievance process regarding his medical care for stomach pain. Attached as **Exhibit A** is a true and correct copy of Mr. Lakic's Grievance History.

14. My review of Atlas and the ISCC file for Bajro Lakic (IDOC # 105441) showed that he did not utilize the inmate grievance process regarding his medical care for stomach pain or any other medical care.

15. Mr. Lakic filed one grievance while he was housed in IDOC custody. In October 2020, he filed a grievance regarding the inability to take group photos and shirtless photos. Attached as **Exhibit B** is a true and correct copy of Mr. Lakic's grievance.

16. Concern forms and grievance forms are available to residents upon their request and have been for as long as I have been the Grievance Coordinator. There is no record to suggest Mr.

**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4**

Lakic was unable or blocked from using the grievance procedure.

PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of April, 2023.

            */s/ Syvanna LaBonte*
            SYVANNA LABONTE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- Greg Chaney   efile@gregchaneylaw.com
  Nick Bronk
  Malissa Nielson
  *Attorneys for Plaintiffs*

            */s/ Joan E. Callahan*
            JOAN E. CALLAHAN

**DECLARATION OF SYVANNA LABONTE IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT - 5**