UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEMINA LAKIC and SEFIKA LAKIC,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, in his official capacity; BREE DERRICK, in her official capacity; and JOHN DOES 1-30<br><br>Defendants. | Case No. 1:23-cv-00094-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO AMEND THE COMPLAINT** |

Pending before the Court are Defendants' Motion to Dismiss (Dkt. 6), Defendant's Motion for Summary Judgment (Dkt. 9), and Plaintiffs' Motion to Amend the Complaint (Dkt. 12). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' submissions. Dist. Idaho Loc. Civ. R.7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants Defendants' motion to dismiss, denies Plaintiffs' motion to amend the complaint, denies Defendants' summary judgment motion, but grants Plaintiffs' thirty (30) days from the date of this order's entry in which to amend their complaint.

## I. BACKGROUND[1]

Bajro Lakic was an inmate in the custody of the Idaho Department of Correction (IDOC). (Dkt. 2 at ¶ 13). Sometime in 2020, Bajro "began to complain frequently about abdominal pain that was increasing in severity." (*Id.* at ¶ 15). Bajro did not receive diagnostic testing or medical care despite his complaints. (*Id.* at ¶ 16). On or about March 9, 2021, Bajro was transported to a hospital's emergency room due to his abdominal pain. (*Id.* at ¶ 18). The following day, Bajro was diagnosed with "advanced adenocarcinoma in the abdomen." (*Id.* at ¶ 19). On March 24, 2021, Bajro died, and his autopsy concluded adenocarcinoma caused his death. (*Id.* at ¶¶ 20-21).

In March 2023, Zemina Lakic, the personal representative of Bajro's estate, and Sefika Lakic, Bajro's mother, filed this action against IDOC; Josh Tewalt, the IDOC Director; and Bree Derrick, the IDOC Deputy Director. (Dkt. 2 at ¶¶ 4-6). Plaintiffs alleged that Defendants violated 42 U.S.C. § 1983 by failing to provide Bajro necessary medical treatment (Dkt. 2 at ¶¶ 26-38) and that they were negligent and liable for wrongful death under Idaho law. (*Id.* at ¶¶ 39-48). Plaintiffs alleged their claims against Tewalt and Derrick only in their official capacities as state officials. (*Id.* at ¶¶ 5-6). Plaintiffs requested monetary damages and sought declaratory and injunctive relief "on behalf of all similarly situated inmates" within IDOC. (*Id.* at p. 9).

In response, Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim and for lack of standing. (Dkt. 6). Specifically, they argued sovereign immunity under the Eleventh Amendment bars Plaintiffs' claims; Plaintiffs lack standing to seek prospective relief; and their allegations were "factually deficient." (*See generally id.*). A few days later, Defendants filed a

---

[1] Plaintiffs filed a complaint and then an amended complaint on the same day. For purposes of ruling on Defendants' motion to dismiss, the Court considers Plaintiffs' amended complaint. (Dkt. 2). Further, the following facts are based on Plaintiffs' allegations in that amended complaint.

**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO AMEND THE COMPLAINT - 2**

summary judgment motion, arguing Bajro's failure to exhaust his administrative remedies under the Prisoner Litigation Reform Act (PLRA) bars Plaintiffs' § 1983 claim and requesting the Court decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. (Dkt. 9).

Plaintiffs responded to Defendants' summary judgment motion, asserting the exhaustion requirement was inapplicable because Bajro is deceased and, alternatively, seeking relief under Rule 56(d) of the Federal Rules of Civil Procedure to conduct discovery before responding to Defendants' summary judgment motion. (Dkt. 11). Plaintiffs also moved to amend their complaint to sue Tewalt and Derrick in their individual capacities, to add more allegations, and to drop their request for declaratory and injunctive relief. (Dkt. 12-1).

## II. LEGAL STANDARD

### A.    Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim on which relief can be granted tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In assessing dismissal of claims under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even under the liberal pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact or legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678-79.

B.     **Rule 15(a) Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires. Courts will deny leave to amend, however, if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A motion to amend a complaint is futile where the motion offers no new set of facts or legal theories, or it fails to state a cognizable claim. *Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009). Futility alone is grounds to deny a motion seeking leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

C.     **Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence is insufficient. *Id.* at 252. Rather, "there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.*

### III. ANALYSIS

A.   **Plaintiffs' Request for Declaratory and Injunctive Relief**

As Defendants note, Plaintiff does not respond to their argument that Plaintiffs lack standing to assert a claim for prospective relief on behalf of similarly situated inmates in IDOC's custody. (Dkt. 14 at p. 2). Rather, Plaintiffs propose amending their complaint to omit their request for declaratory and injunctive relief. (Dkt. 12-1 at p. 10). The Court construes Plaintiffs' lack of argument in support of their request for prospective relief and their proposed amendment omitting that request as a concession they lack standing to seek declaratory and injunctive relief. *Cf.* Dist. Idaho Loc. Civ. R. 7.1(e)(1) ("[I]f an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application."). Moreover, Defendants are correct Plaintiffs are not entitled to seek prospective relief. *See* 18 U.S.C. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs"). Accordingly, the Court dismisses Count IV of Plaintiffs' amended complaint for declaratory and injunctive relief with prejudice.

B.   **Plaintiffs' § 1983 Claim for Eighth Amendment Violation**

In Count I of their amended complaint, Plaintiffs allege a § 1983 claim against IDOC and against Tewalt and Derrick in their official capacities as state officials. (Dkt. 2 at ¶¶ 5-6). Defendants argue the Eleventh Amendment bars this claim. The Court agrees Plaintiffs' § 1983 claim fails to state a viable claim for relief.

To state a claim under § 1983, a plaintiff must allege a "person" acting under color of state law proximately caused a violation of the plaintiff's constitutional or other federally created right.

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Supreme Court has held that a State is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989) ("We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union"). Similarly, the Supreme Court has held that a governmental agency that is an arm of the state is not a person for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

Generally, a State's department of corrections is an arm of the State for purposes of Eleventh Amendment immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding Eleventh Amendment barred suit against Alabama Board of Corrections). The Ninth Circuit has ruled that to determine whether a governmental agency is an arm of the State, the court must examine the following factors:

> [W]hether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity.

*Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

The Court need not engage in this analysis, however, because the Ninth Circuit has already concluded IDOC is an arm of the State of Idaho. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) ("We need look no further than Idaho Code § 20-201 (1979) [creating IDOC] to conclude the Idaho Department of Corrections is part of the state and that any judgment against the Department or its employees acting in their official capacities would have to be paid out of the state treasury."); *see also Fletcher v. Idaho Dep't of Corr.*, No. 1:18-cv-267-BLW, 2019 WL 3646614, at *3 (D. Idaho

Aug. 6, 2019) (ruling IDOC is entitled to Eleventh Amendment immunity). For this reason, Plaintiffs' § 1983 action against IDOC fails and is dismissed with prejudice.

Likewise, Plaintiffs' § 1983 claim against Tewalt and Derrick in their official capacities fails. The Eleventh Amendment bars an action for damages against state officials in their official capacities. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Accordingly, Plaintiffs' § 1983 claim against Tewalt and Derrick for damages fails to state a claim. Although the Eleventh Amendment does not bar an action for prospective relief filed against a state official, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984), Plaintiffs have conceded their request for prospective relief as discussed above. For these reasons, the Court dismisses with prejudice Plaintiffs' § 1983 claim against IDOC and Tewalt and Derrick in their official capacities as state officials.

### C.    Plaintiffs' Proposed Amended § 1983 Claim[2]

Attempting to avoid dismissal, Plaintiffs propose amending their amended complaint to assert the claim against Tewalt and Derrick in their individual capacities. (Dkt. 12-1 at ¶¶ 4-5). For purposes of § 1983, state officials sued in their personal capacities are "persons." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022). A personal capacity suit against a state official seeks to hold the official "personally liable for wrongful conduct taken in the course of her official duties," *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015), and "to impose personal liability upon a government official for actions [the official] takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

---

[2]    Although Plaintiffs had already filed an amended complaint (Dkt. 2), their motion to amend attaches a proposed amended complaint entitled "Amended Complaint." (Dkt. 12-1). Their proposal, however, is more accurately described as one to file a second amended complaint.

To establish personal liability in a § 1983 action, a plaintiff must show an individual, acting under color of state law, caused a deprivation of a federal right. *Graham*, 473 U.S. at 166. In other words, a plaintiff bringing a § 1983 individual capacity claim must demonstrate each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A person deprives another of a constitutional right within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clerk Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quotation omitted).

There must be an actual causal connection or link between the action of the defendant and the deprivation the plaintiff allegedly suffered. *Ortez v. Washington Cnty., State of Oregon*, 88 F.3d 804, 809 (9th Cir. 1996). "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Preschooler II*, 479 F.3d at 1183.

Also, a supervisor can be liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (quotation omitted).

Attempting to cure the defects in their § 1983 claim, Plaintiffs propose two amended allegations. First, they propose alleging that, "[b]ased on other prisoner complaints," Tewalt and Derrick "knew or should have known the medical staff [was not] sufficiently attentive to the needs

of inmates creating a substantial risk of harm to all inmates (including [Bajro]),” and that Tewalt and Derrick "consciously chose to allow medical staff to proceed in that manner uncorrected." (Dkt. 12-1 at ¶ 27). Second, Plaintiffs allege Tewalt and Derrick knew IDOC's "policies and practices" "surrounding medical care with their contractor, Corizon, LLC, were insufficient to meet inmate's needs due to a lack of care but failed to intervene." (*Id.* at ¶ 38).

These allegations, however, fail to meet even the liberal pleading standard under Rule 8 of a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In particular, Plaintiffs' allegations fail to state how Tewalt and Derrick each personally participated in the alleged deprivation of Bajro's rights and the actual causal connection between Tewalt's and Derrick's conduct and the alleged constitutional deprivation. For example, Plaintiffs' allegations do not state what authority Tewalt and Derrick had over the medical staff; whether that authority was supervisory or otherwise allowed Tewalt and Derrick to intervene in medical care; how Tewalt and Derrick were aware of the medical staff's alleged inattention to Bajro's needs; what "policies and practices" were insufficient; and what "other prisoner complaints" gave or should have given Tewalt and Derrick notice of the medical staff's purported inattention to Bajro. Finally, Plaintiffs do not allege either Tewalt or Derrick knew about Bajro's complaints and had sufficient medical background to understand those complaints and his serious medical need. *See Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (noting that after reviewing a dental chart, non-dentist administrator "wouldn't have been able to tell whether [the plaintiff] had a serious medical need").

The Court is not required to accept as true Plaintiffs' conclusory allegations inferring Tewalt's and Derrick's personal involvement in the alleged deprivation of Bajro's rights. Because Plaintiffs' proposed amendments fail to cure the defects in their § 1983 claim, the Court denies

their motion to amend. The Court, however, does not find at this time that an amendment would be futile. Conceivably, Tewalt and Derrick may have been somehow involved in their personal capacities in allegedly depriving Bajro of medical treatment. Accordingly, the Court will grant Plaintiffs leave to file a second amended complaint curing the deficiencies identified in this order. If Plaintiffs choose to file a second amended complaint, they must demonstrate how each Defendant personally participated in the deprivation of Bajro's rights and a sufficient causal connection between each Defendant's actions and the claimed deprivation. Plaintiffs are cautioned that any amendment must be based on information and a credible belief that either Tewalt, Derrick, or both of them were involved in their personal capacities in Bajro's medical treatment or lack thereof and not merely made on allegations mimicking a recitation of the elements of the cause of action. Otherwise, the amendment will be frivolous.

**D.     Exhaustion Requirement**

In support of their summary judgment motion, Defendants argue that Bajro failed to exhaust his administrative remedies and that this failure bars his § 1983 claim. (Dkt. 9-1 at p. 2). Bajro's failure to exhaust his administrative remedies, however, does not bar his personal representative or family from pursuing a § 1983 claim properly alleging the deprivation of Bajro's rights. Although the PLRA requires a prisoner exhaust his administrative remedies before bringing a claim under § 1983, 42 U.S.C.A. § 1997e(a), the PLRA does not require family members or a deceased prisoner's estate to exhaust these administrative remedies before bringing a § 1983 action on behalf of the deceased prisoner. 42 U.S.C.A. § 1997e(a). Rather, the PLRA only places that requirement on an action brought "by a prisoner confined in any jail, prison, or other correctional facility." *Id.*

Other courts addressing this issue have reached the same conclusion. *See, e.g.*, *Staggs v. Drs. Hosp. of Manteca, Inc.*, No. 2:11-cv-00414-MCE-KJN, 2018 WL 1413119, at *4 (E.D. Cal. Mar. 21, 2018) ("[T]he PLRA does not require family members or a deceased prisoner's estate to exhaust these administrative remedies before bringing a § 1983 action on behalf of the deceased prisoner."), *adhered to on reconsideration*, No. 2:11-cv-00414-MCE-KJN, 2019 WL 366893 (E.D. Cal. Jan. 30, 2019); *Torres Rios v. Pereira Castillo*, 545 F. Supp. 2d 204, 205-06 (D. Puerto Rico, Aug. 28, 2007) (ruling PLRA's exhaustion requirement does not apply to mother or estate of deceased prisoner); *Anderson v. Cnty. of Salem*, No. 09-4718-RMB-KMW, 2010 WL 3081070, at *2 (D. New Jersey Aug. 5, 2010) ("Defendants' argument that Plaintiff's federal claims cannot proceed because [decedent] failed to exhaust his administrative remedies . . . lacks merit.").

In this case, Plaintiff Zemina Lakic alleges she is the personal representative of Bajro's estate and Plaintiff Sefika Lakic alleges she is Bajro's mother. Accordingly, they were not required to exhaust Bajro's administrative remedies before filing this action, and Defendants' summary judgment motion is denied.

The denial of Defendants' summary judgment motion moots Plaintiffs' Rule 56(d) request to conduct discovery before having to respond to the motion. Further, it appears Plaintiffs have requested and received at least certain information about Bajro's medical care from IDOC. (Dkt. 14-1). To the extent Plaintiffs are dissatisfied with IDOC's responses to its public records request, their remedy is under Idaho law. *See, e.g.*, Idaho Code § 74-115(1) (providing remedy for person aggrieved by denial of request for disclosure is to institute state court proceeding).

E.      **Supplemental Jurisdiction Plaintiffs' Over State-Law Claims**

Defendants argue the Court should not exercise supplemental jurisdiction over Plaintiffs' state-law claims, Counts II and III. Supplemental jurisdiction is a doctrine of discretion. *City of*

*Chicago v. Int'l Coll of Surgeons*, 522 U.S. 156, 172 (1997). Federal courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367(a). Even if a state-law claim forms part of the same case or controversy, however, a court may decline to hear the claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Because Plaintiffs have not asserted a viable § 1983 claim, the Court declines to exercise jurisdiction over their state-law claims for negligence and wrongful death. *See* 28 U.S.C. § 1367(c)(3) (providing court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction). Accordingly, Plaintiffs' state-law claims, Claims II and III, are dismissed without prejudice.

## IV. ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Dismiss (Dkt. 6) is **GRANTED**, and Plaintiffs' Amended Complaint (Dkt. 2) is **DISMISSED** with prejudice as to Count I regarding IDOC and Tewalt and Derrick in their official capacities as state officials and as to Count IV for prospective relief. Plaintiffs, however, are granted leave to file a second amended complaint to cure the deficiencies identified in this order as to Tewalt and Derrick in their personal capacities. If Plaintiffs choose to file a second amended complaint, they must file that complaint within thirty (30) days of this order's entry unless an extension is granted for good cause shown.

2. Plaintiffs' Motion to Amend the Complaint (Dkt. 12) is **DENIED**.

3. Defendants' Motion for Summary Judgment (Dkt. 9) is **DENIED**.

DATED: March 07, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge